**Hugo Alberto AVALOS CASTELLANOS; Maribel Avalos, Petitioners,**

v.

**Peter D. KEISLER,* Attorney General, Respondent.**

No. 05–76160.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Oct. 2, 2007.

Nelson Mendez, Oxnard, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, Edward J. Duffy, Attorney, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Hugo Alberto Avalos Castellanos and his wife Maribel Avalos, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006), we grant the petition for review and remand for further proceedings.

The agency concluded that Petitioners' two departures to Mexico after being apprehended attempting to cross the border interrupted their physical presence. The agency, however, did not have the benefit of our decision in *Ibarra–Flores.* Substantial evidence does not support the agency's conclusion because we cannot determine on the record before us whether Petitioners' departures were uninformed voluntary departures, or knowing acceptances of administrative voluntary departure. *See id.* at 619 ("[B]efore it may be found that a presence-breaking voluntary departure oc-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

curred, the record must contain some evidence that the alien *was informed of and accepted its terms.*") (internal quotations and citation omitted). Because the BIA explicitly limited its review of the IJ's decision to the physical presence issue, we grant the petition for review and remand, so that the BIA may reach the moral character issue in the first instance, and, if necessary, remand to the IJ for further fact-finding consistent with *Ibarra–Flores.*

**PETITION FOR REVIEW GRANTED; REMANDED.**